# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA GONZALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-563-M |
| | ) |
| FLYING J INC., a foreign corporation, | ) |
| d/b/a FLYING J TRAVEL PLAZA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's April 2012 trial docket.

Before the Court is defendant Flying J Inc. ("Flying J") d/b/a Flying J Travel Plaza's Motion for Summary Judgment, filed February 1, 2012. On February 20, 2012, plaintiff filed her response, and on February 23, 2012, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction[1]

On February 5, 2010, plaintiff and her friend, Barbara Ray ("Ray"), were present on Flying J's premises located on Interstate 40 and Morgan Road. According to plaintiff, she pulled into Flying J's premises to purchase gasoline. Plaintiff alleges that while she and Ray were at Flying J, a truck driver announced on his citizen's band radio that he was at Flying J selling queso out of his truck. The truck driver directed plaintiff to an area away from the gas pumps and instructed plaintiff to look for a blue pick-up truck.

Purportedly, after plaintiff and Ray purchased two boxes of queso, plaintiff stepped into a defective seam in the parking lot and fell to the pavement while walking back to her car. Plaintiff

---

[1] The facts in this introduction are set forth in the light most favorable to plaintiff.

alleges that Ray and the truck driver helped her to the car. Ray drove plaintiff to the emergency room at Integris Canadian Valley Hospital in Yukon, where she was diagnosed with a fractured right wrist and injury to her knees.[2]

When plaintiff and Ray returned to Flying J, Ray asked the manager to come out to the car. Tony Easterling ("Easterling"), a Flying J employee, came to the car. Plaintiff alleges that she showed Easterling the splint on her right arm, explained that she was injured by falling over the defective area in the parking lot, and asked to fill out an incident report in order to have some of her medical expenses paid. According to plaintiff, Easterling did not provide plaintiff any form to fill out.

Plaintiff alleges that she is still being treated for her injuries. Plaintiff now brings an action against Flying J for premises liability.

II.     Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

---

[2] Plaintiff does not dispute that her emergency room records state that she fell in a Wal-Mart parking lot. However, plaintiff contends she did not tell anyone that she fell in a Wal-Mart parking lot. Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [docket no. 17] at p. 6.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Invitee

Plaintiff asserts that she was an invitee and that Flying J did not provide the requisite standard of care. Flying J contends that plaintiff was not an invitee.

Under Oklahoma law, "[e]ntrants onto property fall into three categories: trespasser, licensee, and invitee." *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083 (Okla. 1997). "The terms trespasser, licensee, and invitee denote a graduated ranking representing the degree of beneficial interest a property owner has in another person's presence on his property. The determination of entry status is critical in a premises liability case because the duty of care the property owner must exercise expands or contracts based on the entrant's status." *Id.* (internal citation omitted).

"An invitee . . . is considered to be one who uses the premises of another for the purpose of a common interest and mutual advantage. The owner owes the invitee a duty of 'reasonable care' and an invitee who is a business visitor is entitled to that care which would make the premises safe for his reception." *Brown v. Nicholson*, 935 P.2d 319, 321-22 (Okla. 1997) (internal citation omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there exists genuine issues of material fact as to whether plaintiff was an invitee on Flying J's premises. Specifically, based upon plaintiff's allegations, a rational jury could find that plaintiff was an invitee because plaintiff entered Flying J's premises with a common interest and mutual advantage of purchasing gasoline from Flying J. Further, a rational jury could find that Flying J did not meet its duty of reasonable care to make the premises safe for plaintiff's reception because there was a defective seam on Flying J's premises.

Accordingly, the Court finds that Flying J is not entitled to summary judgment based upon plaintiff's status as an entrant.

### B.  Open and Obvious

"Although the invitee is entitled to the greatest protection of the three categories, the landowner need not guard the invitee against dangers so apparent and readily observable that the conditions should be discovered." *Sholer v. ERC Mgmt. Grp., LLC*, 256 P.3d 38, 43 (Okla. 2011). However, the Supreme Court of Oklahoma has:

> rejected the "open and obvious defense" in a number of cases where the condition or defect was visible but unseen by the plaintiff . . . . Therefore, not every "observable" condition is "open and obvious" as a matter of law. Whether harm from an open and obvious defect may be actionable depends on an objective due care standard, i.e., whether under similar circumstances a prudent person would be able to see the defect and avoid being injured. **Nevertheless, it is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact. What would normally be considered an open and obvious danger may become a latent defect because of the conditions existing at the time of injury.**

4

*Id.* at 43-44 (internal citation omitted) (emphasis in original).

In viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there exists genuine issues of material fact as to whether the defect was open and obvious. Here, the parties have presented conflicting evidence on the issue of whether the defect was open and obvious. While Flying J asserts that the defect was a "gigantic pothole," plaintiff contends the defect was a seam in the concrete. Based upon plaintiff's affidavit and exhibits, a reasonable jury could find that the defect on Flying J's premises was not open and obvious.

Accordingly, the Court finds that Flying J is not entitled to summary judgment based upon an open and obvious defense.

### C. Location of Injury

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there exists a genuine issue of material fact as to whether plaintiff actually fell on Flying J's premises. Based upon plaintiff's assertions in her affidavit that she fell and was injured on Flying J's premises, a rational jury could find that plaintiff actually fell on Flying J's premises. Although plaintiff's emergency room records indicate that she fell in a Wal-Mart parking lot, a rational jury could further find that, based upon plaintiff's statements in her affidavit, she did not tell anyone in the emergency room she fell in a Wal-Mart parking lot.

Accordingly, the Court finds that Flying J is not entitled to summary judgment based upon the issue of whether plaintiff actually fell on Flying J's premises.

IV.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 14].

**IT IS SO ORDERED this 9th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE